8.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ONE HUNDRED THIRTY FIVE THOUSAND TWENTY DOLLARS ($135,020.00) IN UNITED STATES CURRENCY,

Defendant.

JUDGE : Taylor, Anna Diggs
DECK : S. Division Civil Deck
DATE : 08/24/2005 @ 13:53:34
CASE NUMBER : 2:05CV73268
CMP USA VS 135,020 (LE) SI

MAGISTRATE JUDGE R. STEVEN WHALEN

______________________________________/

**COMPLAINT FOR FORFEITURE IN REM**

NOW COMES Plaintiff, United States of America, by and through STEPHEN J. MURPHY, United States Attorney for the Eastern District of Michigan, and T.N. ZIEDAS, Assistant United States Attorney, and for its Complaint for Forfeiture *in rem* states as follows:

1. This action is a civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper before this Court, pursuant to 28 U.S.C. §1395 because the defendant properties are located within this district.

## THE DEFENDANT IN REM

4. The defendant in rem in this action consists of one hundred thirty five thousand twenty dollars ($135,020.00) in U.S. Currency seized on April 7, 2005 pursuant to a federal search warrant executed at 6542 Black River Trail, Cheboygan, Michigan by agents of the Drug Enforcement Administration and others.

5. Notice of the seizure of the above listed defendant in rem was given to all interested parties, and that administrative forfeiture was being sought. DEA received administrative claims from Sharon Fisher and James Fisher contesting the administrative forfeiture, resulting in the initiation of these judicial forfeiture proceedings.

## STATUTORY BASIS FOR FORFEITURE

6. The Government asserts that the defendant currency was furnished or intended to be furnished by a person in exchange for a controlled substance in violation of title 21 of the United States Code, or constitutes proceeds traceable to such an exchange or exchanges, or constitutes proceeds traceable to the illegal sale(s) of controlled substances. As such, the defendant currency is subject to forfeiture to the United States pursuant to title 21, section 881(a)(6) of the United States Code.

## FACTS AND EVIDENCE IN SUPPORT OF FORFEITURE

7. The facts and evidence in support of the forfeiture of the defendant currency include, but are not limited to the following:

a. On March 16, 2005, 11 kilograms of cocaine was found in Joey Williams vehicle pursuant to the execution of a search warrant. Mr. Williams agreed to cooperate. On that same day Mr. Williams signed a consent to search his apartment at 3035 Courtz (sic?) Isle, Flint Township, Michigan. Two ounces of heroin were found and seized. Mr. Williams stated that he received the heroin from David Fisher in Detroit, Michigan on March 13, 2005.

b. On March 17, 2005, Mr. Williams made contact with David Fisher to set up a meeting to deliver $9,100 to Mr. Fisher for 100 grams of heroin fronted by Mr. Fisher to Mr. Williams.

c. On March 20, 2005, Mr. Williams was searched before making contact with David Fisher at 16566 Ferguson, Detroit, Michigan. He had no contraband on his person or in the vehicle he was using. Mr. Williams was given $9,100 to use to pay the drug debt owed to Mr. Fisher. Mr. Williams entered the residence and paid the $9,100 drug debt to Mr. Fisher. Mr. Williams left in his vehicle and was followed to another location. Mr. Williams stated that Keith Ashley gave the heroin to Mr. Fisher who then gave it to Mr. Williams. Mr. Williams provided the heroin he had received from Mr Ashley and Mr. Fisher to agents. Mr. Williams and his vehicle were then searched to be sure there was no other contraband. The heroin weighed 102.7 grams and field -tested positive.

d. Mr. Williams also stated that on two different occasions during the late summer of 2004 he witnessed Jonathan Fisher give David Fisher large quantities (approximately 300 grams) of heroin at Jonathan Fisher's place of business at 14801 Schaefer Hwy., Detroit, Michigan.

e. Mr. Williams stated that Jonathan Fisher is currently in the waste disposal/ dumpster business. Mr. Williams recalled that he saw the name "Primo" on the door of a work truck. Mr. Williams continued by saying that Jonathan Fisher purchased a new building on Wyoming in Detroit, Michigan. Mr.Williams indicated that Jonathan Fisher used business names containing the word "Primo".

f. On April 7, 2004, a federal search warrant was executed at 6542 Black River Trail, Cheboygan, Michigan[1], the primary residence of James and Sharon Fisher, the parents of David and Jonathan Fisher.

g. The search in Cheboygan resulted in the seizure of the defendant currency which was aggregated after being collected from three locations within the residence: from a safe in the garage, from a shoe box in the master bedroom closet and from a bag wrapped inside of a gray sweatshirt in the master bedroom closet.

h. The currency that was located in the safe was in plastic baggies inside a "Mickey Mouse" bag along with fabric softener sheets.

---

[1]This address is also known as 4739 North Black River Trail, Cheboygan, Michigan (including out-buildings).

i. In addition to the defendant currency being seized, agents found and seized approximately twenty-nine (29) firearms, which consisted of approximately seven handguns and twenty-two long weapons (rifles and shotguns), along with a large amount of ammunition. It should be noted that one of the handguns seized was reported stolen following a 1983 burglary of a sporting goods store in Livonia, Michigan.

j. Agents informed Sharon Fisher that she was not under arrest, and interviewed her regarding her knowledge of "Primo Properties" and "Primo Enterprises" (hereinafter referred to as "Primo"). She stated that the day-to-day operations of Primo are handled by Matt Lorrichio, and that her son Jonathan Fisher is the general manager. Matt Lorrichio works directly for him.

k. Ms. Fisher further stated that her husband, James Fisher, is the president, and she is the vice president, of Primo. She said that her other son, David Fisher, also works for Primo. She stated that the employees of Primo are paid in cash.

l. When agents asked Ms. Fisher if there were any large sums of money in her home, she stated that there was a large sum of money in the safe in the garage, but she did not know how much was there. She indicated that there was approximately $800 in her bedroom dresser, but failed to mention the large sum of currency seized from her bedroom closet.

m. On February 10, 2005, a state authorized search warrant was executed at 6986 Lexington Drive, West Bloomfield, Michigan. The home is titled in the name of Sharon Fisher, but documents found in the search revealed Jonathan Fisher was living there. State authorities found $137,580 in U.S. currency, a Browning shotgun, 12 gauge ammunition and 4 grams of marijuana.

n. David Fisher was convicted in 1997 in the Eastern District of Virginia for conspiracy to distribute heroin in which he was ordered to serve a term of 135 months followed by five years of supervised release. On January 16, 1998, his sentence was reduced to 84 months for "substantial assistance".

o. On July 27, 2005, the grand jury in the Eastern District of Michigan returned a First Superseding Indictment against David Allen Fisher and Jonathan Lamar Fisher for conspiracy to distribute heroin, distribution of heroin/aiding and abetting, and felon in possession of firearm, in violation of 21 U.S.C. §§ 846 and 841, and 18 U.S.C. §§ 2, 922(g) and 924(a)(2). U.S. v. David Allen Fisher et. al., 05-CR-50023.

**CLAIM FOR RELIEF**

8. Plaintiff realleges and incorporates by reference each and every allegation in paragraphs 1 through 7 above, including any subparagraphs thereunder.

9. The defendant currency represent property which was furnished or intended to be furnished by a person in exchange for a controlled substance in violation of title 21 of the United States Code, or constitutes proceeds traceable to such an exchange or exchanges, or constitutes proceeds traceable to the illegal sale(s) of controlled substances, and as such are subject to forfeiture to the United States pursuant to title 21, section 881(a)(6) of the United States Code.

WHEREFORE, the United States of America prays that a warrant for the arrest of the defendant currency issue; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

T.N. ZIEDAS (P34653)
Assistant U.S. Attorney
211 W. Fort Street
Suite 2001
Detroit, Michigan 48226
(313) 226-9573

Dated: August 23, 2005

## VERIFICATION

I, Bruce Osterhagen, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief based upon knowledge possessed by me and/or on information received from other law enforcement agents.

SPECIAL AGENT BRUCE OSTERHAGEN

Dated: 8/23/05

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

(Wayne)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
$135,020.00 in U.S. Currency

05-73268

(b) County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
T.N. Ziedas, AUSA
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9573

Attorneys (If Known)

ANNA DIGGS TAYLOR

MAGISTRATE JUDGE R. STEVEN WHALEN

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

625

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☒ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. 881(a)(6)

POSSIBLE COMPANION CASE

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE Paul Gadola DOCKET NUMBER 05-50023

DATE 8/24/05
SIGNATURE OF ATTORNEY OF RECORD T.N. Ziedas by consent.

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

This form was electronically produced by Elite Federal Forms, Inc.

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :